Morgan, J.
The defendant is sued for $5233 12, for labor and materials furnished in making repairs to and fitting up the machinery on two plantations alleged to be owned by the defendant, the work having been done at the instance and request of the defendant through his agent and manager, O. P. Fisk, and also for labor and materials furnished in making repairs on the steamer Favorite, also alleged to belong to the defendant. They allege that the work and materials furnished by them were necessary to fit up the machinery used in the manufacture of sugar on the defendant’s plantations, in order to take off the crop on the same. Defendant first filed a general denial. In a supplemental answer he denies that Fisk had any authority to bind him; that he had any authority to purchase machinery or to purchase *353 materials, or to make repairs, or to employ the plaintiffs to put up and change the machinery on his plantation, or to contract with any one for the same.
He further avers that the work which was done was badly done; that he has suffered loss in consequence thereof; that it was unnecessary, and injured rather than benefited him, and that after the “so called” fitting up of the machinery it was not as good as it was before. He denies that he ever owned the steamboat Favorite; that the expense of the repairs thereto was a debt due .by Fisk.
From the testimony of the defendant it appears that Fisk was his partner. ■ The plantations upon which the work was done were purchased by the defendant in his individual name, but when they paid for themselves they were to be owned jointly by defendant and Fisk; Fisk was to manage them, and the profits and losses were to be equally divided. This made them ordinary partners.
“ Ordinary partners are not bound in soKdo for the debts of the partnership, and no one of them can bind his partners, unless they have given him power to do so, either specially or by the articles of partnership.” C. C. 2872.
“In the ordinary partnership each partner is bound for his share of the partnership debt.” C. C. 2873.
“ If a debt be contracted by one of the partners of an ordinary partnership, who is not authorized either in his own name or that of tjie partnership, the other partners will be bound, each for his share, provided it be proved that the partnership was benefited by the transaction.” C. C. 2874.
There is no evidence in the record that Fisk was authorized to contract for Cragin, the defendant, and the question we have to determine, under the articles of the Code above cited is, whether the work done benefited the partnership.
We think it did. The work was certainly done, and the machinery, etc., charged for is on the plantations.
As to the steamboat, we think the record shows that the defendant knew it had been purchased, and that it was being used for the benefit of the partnership. Plaintiff is, we think, entitled to recover from the defendant one-half of the amount claimed against him.
It is therefore ordered, adjudged and decreed that the judgment of the district court be amended so as to reduce the same from $5233 12 to $2616 58, and that as thus amended it be affirmed; the costs in the lower court to be paid by the appellant, the costs in this court to be paid by the appellee.
Rehearing refused.